UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8250-RM

UNITED STATES of AMERICA

V.

DANNY DONICIO MONTERO,

Defendant.
_____/

FILED BY SP D.C.

May 12, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 820-8711
Email: Brian.Ralston@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DANNY DONICIO MONTERO | ) | Case No. 25-mj-8250-RM |
| | ) | |
| *Defendant(s)* | ) | |

FILED BY ___SP___ D.C.
May 12, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 9, 2025___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal re-entry into the United States after deportation or removal |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Brian Stafford, HSI
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1.

Date: 5/12/25

_____
*Judge's signature*

City and state: West Palm Beach, FL     Ryon M. McCabe United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Brian J. Stafford, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been employed with HSI since March of 2007. I have a Bachelor of Science degree in Criminology from Florida State University and have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 08, 18, 19, 21 and 31 of the United States Code. I have conducted investigations involving human smuggling and their related criminal activity and have become familiar with the methods and schemes employed by individuals who smuggle persons or who have themselves crossed illegally into the United States, even after removal and/or deportation.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Danny Donicio MONTERO (herein after MONTERO) committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## PROBABLE CAUSE

3. On May 9, 2025, United States Border Patrol Agents assigned to the Miami Sector-West Palm Beach, Florida Station, were notified by the Palm Beach County Sheriff's Office of a beached vessel and a possible maritime smuggling event near the Breakers located at 1 South

County Road in Palm Beach Florida. Law enforcement was able to apprehend ten (10) of the vessel's occupants. All ten (10) individuals, including MONTERO, were taken into custody and brought to the Border Patrol Station in West Palm Beach, Florida for processing.

4. Records checks, to include fingerprint scans, revealed that MONTERO had previously been encountered at the Bay State Correctional Center in Massachusetts while serving a three (3) year sentence for trafficking of a controlled substance. MONTERO was released in October 2007.

5. A review of immigration records show that MONTERO is a native and citizen of the Dominican Republic. On or about December 5, 2007, MONTERO was removed from the United States and returned to the Dominican Republic.

6. During a post-*Miranda* interview of MONTERO by Special Agents of the Homeland Security Investigations, MONTERO admitted he is a citizen of the Dominican Republic and had been arrested over 20 years ago in Massachusetts for cocaine possession and when he was deported, he left from New Orleans in 2007. MONTERO further admitted he knew he was not allowed to reenter the United States and the method in which he was attempting to reenter the United States was not correct.

7. MONTERO's fingerprints taken in connection with his May 9, 2025, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is MONTERO.

8. A record check was performed in the Computer Linked Application Informational Management System to determine if MONTERO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that MONTERO obtained consent from

the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

## CONCLUSION

9. Based on the foregoing, I submit that probable cause exists to believe that, on or about May 9, 2025, Danny Donicio MONTERO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

FURTHER AFFIANT SAYETH NAUGHT.

_____
BRIAN J. STAFFORD
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (Facetime)
pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 12 day of May 2025.

_____
HONORABLE RYON M. MCCABE
UNITED STATE MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: DANNY DONICIO MONTERO

Case No: 25-mj-8250-RM

Count #: 1

Illegal re-entry into the United States after deportation or removal

8 U.S.C. § 1326(a) and (b)(2)
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.